# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY PIEPENBRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-2734-KHV-TJJ |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| TRANS UNION, LLC, and USAA ) | |
| FEDERAL SAVINGS BANK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Waive Mediation Fees (ECF No. 52). For the reasons discussed below, the Court denies the motion.

Plaintiff asks the Court to either require Defendant Experian Information Solutions, Inc. ("Experian")[1] to pay for the entirety of the parties' mediation, or provide that Plaintiff be provided mediation services pro bono or at a reduced rate pursuant to D. Kan. Rule 16.3(f). Plaintiff claims she is indigent and is unable to afford the mediation fees. Experian objects, arguing Plaintiff never claimed she was indigent until 30 days before mediation was to take place, and it would be unfair to the mediator to force him to reduce his rate for Plaintiff. The parties completed mediation on August 3, 2020 and did not reach a settlement agreement.[2]

---

[1] At the time the motion was filed, Defendant Trans Union, LLC was the other remaining defendant in this case. However, before mediation and before the briefing of the motion was complete, Plaintiff and Trans Union reached a settlement agreement. Thus, the Court will refer only to Defendant Experian in this order.

[2] ECF No. 62.

In support of her motion, Plaintiff attached a declaration[3] stating she has been unemployed since mid-March because her employer closed due to the COVID-19 pandemic. Her husband's restaurant business has also suffered as a result of the pandemic. Additionally, Plaintiff gave birth in June, and that same month her husband "suffered a life-threatening health condition" that prevented him from going to work.[4] The pandemic, cost of her husband's medical expenses, and cost of a new baby have all caused Plaintiff and her family to suffer financial hardship such that she does not "have the financial resources to cover the costs of mediation."[5]

In its opposition, Experian states Plaintiff failed to raise her indigent status until July 1, 2020, approximately 30 days before the parties were scheduled to mediate, even though Plaintiff knew of the mediation requirement at least from the time the Scheduling Order was entered on March 18, 2020.[6] The parties had agreed to the mediator in June, and Experian argues at that time, Plaintiff knew of her unemployment since she had been unemployed since mid-March and knew of the impending birth of her child at that time as well. Yet, Plaintiff failed to raise the issue of her indigency until July 1. Experian argues if Plaintiff cannot pay for her portion of the mediation fees, Plaintiff's counsel should, not Experian, or in the alternative, "Plaintiff can dismiss her case."[7]

In her reply, Plaintiff states she was unaware the costs of the mediation would be split between the parties until the mediator provided the mediation agreement, at which point

---

[3] ECF No. 52-1.

[4] *Id.* at 1, ¶ 9.

[5] *Id.* at 2, ¶ 12.

[6] ECF No. 32.

[7] ECF No. 55-4 at 6. The Court notes that Experian incorrectly filed its initial response, which has now been blocked from public view, and thus the correct response is filed as an exhibit. It is unclear how Plaintiff's dismissal of her case would resolve the mediation fees dispute.

2

Plaintiff's counsel notified defense counsel that Plaintiff could not afford to pay. Further, Plaintiff states the mediator agreed to extend the deadline to cancel, but Experian refused to cancel or to temporarily postpone and reschedule to a later date. Thus, Plaintiff argues, Experian "essentially forc[ed] Plaintiff to proceed with a mediation proceeding she could not afford."[8] Additionally, Plaintiff alleges her belief that Experian "attended mediation in bad faith" by increasing its pre-mediation offer by $100 and refusing to negotiate further.[9]

District of Kansas Rule 16.3(e) provides that "[e]xcept when serving pro bono, private mediators must be compensated at the rate negotiated by the attorneys and the mediator. The fee must be divided by agreement of the parties or as ordered by the court." Rule 16.3(f) provides that "[i]f a party is indigent, the mediation services will be provided pro bono or at a reduced rate to that party. The court will determine whether a party is indigent."

The Court is sympathetic to Plaintiff's situation and recognizes the COVID-19 pandemic has hit many families especially hard financially. However, Plaintiff did not file her motion until July 14, 2020, only approximately three weeks prior to mediation, and did not request expedited briefing and ruling on the motion. Moreover, the parties entered into an agreement with a private mediator and proceeded with mediation on August 3, 2020, before Plaintiff's motion was fully briefed on August 11, 2020.

The parties have not provided the Court with a copy of their agreement with the private mediator but, based upon the parties' briefing, it is undisputed that they agreed to share equally, or split, the mediator's fees. There is no contention that the private mediator agreed to serve pro bono. Under these circumstances, pursuant to Local Rule 16.3(e), the private mediator must be

---

[8] ECF No. 61 at 2.

[9] *Id.*

3

compensated at the rate negotiated by the attorneys and the mediator, and the fee must be divided by agreement of the parties or as ordered by the court. Plaintiff argues that her counsel informed Defendant that Plaintiff could not afford to pay the mediator's fee but, nonetheless, while represented by counsel Plaintiff entered into an agreement pursuant to which she agreed to pay half the mediator's fees.  Plaintiff and Defendant are bound by the terms of their agreement with the private mediator and under the circumstances presented here the Court will not alter or interfere with that agreement.

Plaintiff's argument that she is indigent and therefore should not be required to pay mediation fees is unavailing. In order to receive pro bono or reduced rate mediation services, Local Rule 16.3(f) required Plaintiff to obtain a determination by the Court that she is indigent. But, the Court has not made a finding that Plaintiff is indigent, and the mere filing of Plaintiff's motion and affidavit in an attempt to show her indigent status is not sufficient.[10] Nor does Local Rule 16.3(f) provide for shifting of mediation fees, upon a determination that a party is indigent, to an opposing party, as Plaintiff proposes.

In her Reply, Plaintiff also claims that mediation was not productive and alleges Experian may have participated in bad faith. However, based upon the limited information provided by Plaintiff, the Court is unable to conclude that Defendant acted in bad faith at mediation.

The mediator is entitled to be paid for his time and services. Plaintiff has not been determined indigent. She agreed to pay half of the mediation fees and is bound by that agreement. Therefore, Plaintiff's motion is denied.

---

[10] Even if Plaintiff's motion had timely requested a finding that she is indigent, the Court could not make that finding based upon the information provided in Plaintiff's motion and affidavit and the record in this case. Notably, Plaintiff is not proceeding in forma pauperis in this case and in fact is represented by counsel. And, although Plaintiff states she is unemployed, she failed to provide material information such as her income from any source and her spouse's income.

4

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Waive Mediation Fees (ECF No. 52) is denied.

**IT IS SO ORDERED.**

Dated September 15, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

5